UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:21-cv-01223

MOONA CHOI,

    Plaintiff,

vs.                                      JURY TRIAL DEMANDED

THE UNITED STATES OF
AMERICA,

    Defendants.

_____ /

## COMPLAINT

COMES NOW, **MOONA CHOI ("CHOI")** Plaintiff herein, and by and through undersigned counsel, hereby sues Defendants, **THE UNITED STATES OF AMERICA ("USA")**, for grounds alleged as follows:

## JURISDICTION

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA) §1346(b) and §2671-2680, Title 28, United States Code.

2. On October 5th, 2020, Defendant received notice of Plaintiff's Administrative Claim with supporting documentation to the Tort Claims

1

Coordinator for **USPS**. True and correct copies of the certified mail receipt showing delivery to USPS Tort Claims Coordinator is attached hereto as Exhibit "A."

    3.      Section 2675(a), Title 28, of the United States Code states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

    4.      No response has been received within the six months allotted by the above section of the United States Code. Therefore, the **USPS** has denied the claim.

    5.      Venue is properly within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the Middle District of Florida.

## **PARTIES**

    6.      At all times material hereto, the United States Postal Service ("**USPS**") was an agency of The United State of America ("**USA**").

7. At all times material hereto, Plaintiff, **CHOI**, was a resident of Brevard County, Florida.

8. Defendant **USA** is an appropriate defendant under the Federal Tort Claims Act.

9. Defendant **USA** can be served with Summons and Complaint herein upon A. Brian Albritton, Esq., United States Attorney for the Middle District of Florida, at 501 W. Church Street, Ste. 300, Orlando, FL 32805.

10. Plaintiff will send, contemporaneously with service of Complaint herein upon Defendants **USA,** copies of Complaint and Summonses herein by certified mail to the Attorney General pursuant to Federal Rule 4(i)(1)(B) and to the Postmaster General pursuant to Federal Rule 4(i)(2).

## FACTS

11. On November 7, 2019, Plaintiff, **CHOI**, was operating a 2012 Volkswagon Jetta westbound on E. Melbourne Avenue in Brevard County, Florida

12. At the aforesaid time and place, Defendant, **USA**, owned a 1990 Grumman Van Postal Truck that was being operated by one of their employees, Katelyne Renee Dye headed southbound on Hallwood Pl. in Brevard County, FL.

13. The employee driver, Katelyne Renee Dye, was operating the vehicle with the express consent, and at the direction of **USPS**, an Agency of Defendant, **USA**.

14. At the aforesaid time and place, the vehicle operated by Katelyne Renee Dye, employee of **USPS**, struck the right side of Plaintiff, **CHOI's**, vehicle, causing damage, and injury to Plaintiff, **CHOI**.

15. At all times material hereto, Katelyne Renee Dye, was an agent, servant, and employee of Defendant, **USPS**, and was acting within the line, course and scope of her employment.

16. At all relevant times, Defendant, **USPS**, was the owner of the 1990 Grumman Van being operated by Katelyne Renee Dye, with the express permission and consent of **USPS**.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

17. This case is brought against the **USA** pursuant to 28 U.S.C. §2671 *et seq.*, commonly referred to as the Federal Tort Claims Act. Liability of USA is predicated specifically on 28 U.S.C. §1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this Complaint were proximately caused by the negligence, wrongful acts and/or omissions of an employee of **USPS** through its agency. This employee was acting within the course and scope of her office or employment, under circumstances where **USPS** and **USA,** if private persons, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Florida.

18. Pursuant to 28 U.S.C. §2675, the claims of Plaintiff, **CHOI**, were presented to the appropriate agency of the Defendant, **USA**, on October 1, 2020, and received by **USPS** on October 5, 2020. Defendant **USA** never responded within the six month timeframe pursuant to 28 U.S.C. §2675(a).

## **FIRST CAUSE OF ACTION – NEGLIGENCE**
### **(Against UNITED STATES OF AMERICA)**

19. On November 7, 2019, Defendant **USA's** agent, **USPS**, employed a driver named Ms. Katelyne Renee Dye.

20. On that date referenced above, Ms. Katelyne Renee Dye negligently caused or contributed to the collision with Plaintiff, **CHOI's** vehicle at the intersection of E. Melbourne Avenue and Hallwood Pl. in Brevard County, Florida, when she failed to yield the right of way to Plaintiff, **CHOI**.

21. Defendant, **USA**, is liable for the negligence of their employee driver, Ms. Katelyne Renee Dye, pursuant to Florida's Dangerous Instrumentality Doctrine, and *respondeat superior*.

22. Defendant, **USA**, as employer and principal, is vicariously liable for the negligence of Ms. Katelyne Renee Dye, the employee and agent of **USPS** and **USA**.

23. As a direct and proximate result of the negligence of Ms. Katelyne Renee Dye, for which Defendant, **USA**, is liable, Plaintiff, **CHOI**, suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are permanent and continuing in nature within a reasonable degree of medical probability and the Plaintiff will suffer these losses in the future.

24. As a further direct and proximate result of the negligence of Ms. Katelyne Renee Dye, for which Defendant, **USA**, is liable, Plaintiff's personal property, including her vehicle and certain contents thereof, was lost, damaged or destroyed, the value of which will be proven at the time of trial.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff, **MOONA CHOI**, hereby demands judgment against Defendant, **THE UNITED STATES OF AMERICA,** for all damages allowable by law, costs of this action and such other relief as the Court deems meet and proper. Plaintiff demands trial by jury on all issues triable as of right before a jury.

**RESPECTFULLY** submitted this 29th day of July, 2021

*/s/ Ryan McCarville*
Ryan McCarville, Esq.
FBN:  0117831
Morgan & Morgan, P.A.
940 S Harbor City Blvd
Melbourne, FL 32901
Telephone:  (321) 327-6263
Facsimile: (321) 327-6897
Primary email: rmccarville@forthepeople.com
Secondary email: mhutchinsonwilkins@forthepeople.com
Attorney for Plaintiff